UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ROBLES,<br><br>        Petitioner,<br><br>    v.<br><br>MIKE MCDONALD, WARDEN,<br><br>        Respondent. | ) CASE NO. CV 10-9907-SVW (PJW)<br>)<br>) ORDER TO SHOW CAUSE WHY PETITION<br>) SHOULD NOT BE DISMISSED<br>)<br>)<br>)<br>)<br>) |

    On December 23, 2010, Petitioner, through his attorney, filed a Petition for Writ of Habeas Corpus ("Petition"), seeking to challenge an April 2008 state court murder conviction and 50-year prison sentence. (Petition at 1.) In it, Petitioner raised two claims: a *Brady* violation and the presentation of false witness testimony. (Petition at 6, 8.)

    As a matter of comity between state and federal courts, a federal court generally will not address the merits of a habeas corpus petition unless the petitioner has first exhausted his state remedies, i.e., sought state court review of every ground presented in the petition by presenting it to the highest state court. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Indeed, the law governing habeas petitions provides that a habeas petition brought by a person in state

custody *cannot be granted* "unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999). A district court may raise a failure to exhaust *sua sponte*. *Stone v. San Francisco,* 968 F.2d 850, 856 (9th Cir. 1992.)

In his Petition, Petitioner indicated that he filed a petition for review in the California Supreme Court, which was denied on December 17, 2009. (Petition at 3.) He also checked the box in the form petition that all his claims for relief have been presented to the California Supreme Court. (Petition at 13.) In describing the two claims raised herein, however, Petitioner checked the boxes stating that he did not raise either issue on direct appeal or in a state habeas petition to the California Supreme Court, stating that he did not do so because of ineffective assistance of counsel. (Petition at 7-8.) Thus, despite his assertions otherwise, it appears that the Petition is completely unexhausted and is subject to dismissal on that basis. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

1      IT IS THEREFORE ORDERED that, no later than February 5, 2011,
2 Petitioner shall inform the Court in writing why this case should not
3 be dismissed for failure to exhaust.  Failure to timely file a
4 response will result in a recommendation that this case be dismissed.
5      DATED:    January 10, 2011.

                                    /s/ Patrick J. Walsh
                                    _____
                                    PATRICK J. WALSH
                                    UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\ROBLES, M  9907\OSC dismiss pet.wpd

3